UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

J. DAVID MAHONEY and JDM ENTERPRISES, INC. f/k/a NOBLE GAS SOLUTIONS, INC.,

*Plaintiffs,*

-against-

WHITEMAN OSTERMAN & HANNA, LLP and VINCENT VALENZA, ESQ.,

*Defendants.*

---------------------------------------------------------------------x

**COMPLAINT AND JURY DEMAND**

Civil Action No.:

Plaintiffs, J. David Mahoney ("Mahoney") and JDM Enterprises, Inc. f/k/a Noble Gas Solutions, Inc. ("JDM", and together with Mahoney, "Plaintiffs"), by and through their attorneys, The Wagoner Firm PLLC, for their Complaint alleged against Whiteman Osterman & Hanna, LLP ("Whiteman") and Vincent Valenza, Esq. ("Valenza", and together with Whiteman, "Defendants"), allege as follows:

## DESCRIPTION OF ACTION

1. This is an action for legal malpractice and breach of contract arising out of Defendants' professional negligence in their representation of Plaintiffs in the sale of their business which caused Plaintiffs to sustain damages in the form of avoidable tax consequences because Defendants failed to properly structure the transaction.

## PARTIES

2. At all times relevant herein, JDM is a foreign corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Palm Beach Gardens, State of Florida, and is authorized to conduct business in New York.

3. Mahoney is an individual and resident of Palm Beach Gardens, Florida.

4. At all times relevant herein, Mahoney is the sole shareholder of JDM.

5. At all times relevant herein, Noble Gas Solutions, Inc. ("NG INC") was a New York Corporation.

6. NG INC was merged into Noble Gas, LLC ("NG LLC") and JDM was formed to be the sole owner of NG LLC.

7. This was completed via a reorganization under the Internal Revenue Code Section 368(a)(1)(F) commonly known as an "F-Reorg".

8. Through the F-Reorg, NG INC was dissolved on December 27, 2021, leaving behind NG LLC and JDM as its owner.

9. At all times relevant herein, Mahoney was the sole shareholder of NG INC.

10. At all times relevant herein, Whiteman is a law firm organized as a limited liability partnership, with its principal place of business at One Commerce Plaza, Albany, NY 12260.

11. At all times relevant herein, Vincent Valenza, Esq. is an attorney duly admitted to practice law in the State of New York and a partner of Whiteman.

**JURISDICTION & VENUE**

12. This court has jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between all Plaintiffs and all Defendants.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since the Defendants maintain a principal place of business within the Northern District of New York.

**BACKGROUND AND FACTUAL ALLEGATIONS**

14. On or about July 15, 2021, a prospective purchaser ("Purchaser 1") issued a letter of intent to NG INC and Mahoney to purchase the equity of NG INC.

15. Thereafter, on or about July 26, 2021, a second prospective purchaser ("Purchaser 2") issued a letter of intent to NG INC and Mahoney to purchase the equity of NG INC for substantially more than what had been offered by Purchaser 1.

16. NG INC and Mahoney subsequently executed Purchaser 2's letter of intent.

17. As a condition precedent to the closing, Purchaser 2 required NG INC to undertake the previously discussed "F-Reorg".

18. On or about October 1, 2021, Defendants were retained by Plaintiffs to assist with the then-proposed sale to Purchaser 2, the required F-Reorg, as well as mitigating the corresponding tax consequences associated with the sale.

19. Defendants held themselves out to be experts in and have sophisticated knowledge regarding structuring business mergers and acquisitions and the corresponding tax law, and agreed to properly structure the transaction and reduce and/or minimize the tax impact of the transaction to Plaintiffs.

20. Defendants were specifically retained by Plaintiffs to structure the transaction in the most tax beneficial manner to reduce and mitigate the tax consequence to Plaintiffs as a result of the sale of NG INC (and its successor NG LLC).

21. The original closing date of the transaction with Purchaser 2 was extended at least three (3) times and Plaintiffs and Defendants discussed their concerns regarding Purchaser 2's financial capacity to close the transaction.

22. Each time the closing date was extended, the prospect of the transaction closing became more tenuous.

23. Despite the tenuous nature of the deal and the repeated failures of Purchaser 2 to close by the scheduled closing dates, Defendants advised Plaintiffs to proceed with the F-Reorg in November 2021.

24. Despite the tenuous nature of the deal, and thus the need for the proposed F-Reorg, Defendants prepared the F-Reorg documents and billed Plaintiffs for those services, which Plaintiffs timely paid.

25. Defendants advised Plaintiffs that there would be no adverse tax consequences from undertaking the F-Reorg.

26. Based upon this advice, Plaintiffs authorized Defendants to proceed with the F-Reorg in furtherance of the transaction.

27. As a result, Defendants facilitated the completion of the F-Reorg on or about December 27, 2021.

28. But the sale of NG LLC to Purchaser 2 ultimately failed to close.

29. Subsequently, on or about January 24, 2022, Purchaser 1 came back into the picture and issued a second letter of intent to purchase 100% of the equity of NG INC.

30. At the time, Purchaser 1 did not know that NG INC was dissolved in the F-Reorg for the failed transaction with Purchaser 2.

31. Critically, unlike the failed first transaction, Purchaser 1 offered to purchase the stock of NG INC rather than its assets.

32. This was an important distinction and one that should have been discussed and advised by Defendants who continued their representation under the existing engagement agreement.

33. Unlike the failed transaction with Purchaser 2, the proposed transaction with Purchaser 1 was not conditioned upon NG INC undertaking an F-Reorg.

34. As a result, Plaintiffs could, and should have, sold Purchaser 1 the stock of JDM, the newly formed holding company pursuant to the F-Reorg, instead of selling the membership interest in NG LLC.

35. Because it was the sale of the membership in a single-member LLC (NG LLC) the treatment of the transaction for tax purposes was that of an asset transaction.

36. Had the transaction with Purchaser 1 been structured as a stock sale—*i.e.*, the sale of the JDM's stock rather than a sale of JDM's only asset, NG LLC—Plaintiffs would have avoided the increased tax liability incurred as a result of the way Defendants structured the sale.

37. But Defendants failed to discuss this option with Plaintiffs and failed to properly structure the transaction with Purchaser 1 as a stock sale of JDM.

38. Instead, Defendants improperly structured the deal the same way they had previously structured it with Purchaser 2, which was the sale of the new limited liability company NG LLC, formed after the F-Reorg.

39. The transaction with Purchaser 1 did ultimately close.

40. But because of the structure set up by Defendants, Plaintiffs paid additional taxes that could have been avoided with a slightly modified deal structure.

41. Defendants never advised or discussed with Plaintiffs or Purchaser 1 the option to sell the stock of JDM rather than selling the membership interest in NG LLC, which would have prevented Plaintiffs from suffering avoidable tax consequences.

42. Defendants understood Plaintiffs wanted to properly structure the deal in the most tax advantageous way.

43. Defendants were retained to structure the deal properly and in the most tax advantaged way possible.

44. Defendants understood and agreed to do that.

45. Defendants failed to do that and failed to discuss other options for structuring the sale to Purchaser 1.

46. This is not a novel concept or way of structuring a business acquisition.

47. NG LLC was the sole asset of JDM, and selling JDM would have been customary in a stock transaction because of the tax advantages to the Plaintiffs as the sellers.

48. Notably, Purchaser 1 offered to purchase the equity of NG INC, which was the entity it approached in the first instance that had been dissolved in the F-Reorg.

49. Purchaser 1, through negotiations leading up to issuance of the two letters of intent, made it clear they wanted to acquire stock and that they would have purchased JDM in a stock purchase, which would have resulted in the acquisition of JDM and its only asset, NG LLC.

50. Instead of pursuing the most tax advantage, structure, Defendants relied on the prior deal structure developed for the failed deal with Purchaser 2 for the transaction with Purchaser 1.

51. Due to Defendants' unfortunate failure to properly advise or structure the sale to Purchaser 1 and provide competent legal advice, Plaintiffs sustained an avoidable tax consequence in an amount to be determined at trial, but which exceeds the jurisdictional requirement of this Court.

52. Plaintiffs relied on Defendants to provide competent legal advice, particularly with regard to the tax implications that the F-Reorg would have in a future sale, should the deal not close, and the transaction with Purchaser 1 so as to structure the transaction to minimize Plaintiffs' tax liability.

53. Defendants' negligence, failure to properly advise Plaintiffs regarding the impact of the F-Reorg, the structure options available in the sale to Purchaser 1, and their failure to properly advise on and structure the transaction with Purchaser 1 was the direct and proximate cause of Plaintiffs' damages.

54. Plaintiffs brought this matter to Defendants' attention in good faith before bringing this lawsuit with the hope of resolving it amicably without the need for litigation, but Defendants failed to do the same, forcing Plaintiffs to bring this action or accept the loss Defendants caused.

## AS AND FOR A FIRST CAUSE OF ACTION
## LEGAL MALPRACTICE

55. Plaintiffs repeat and reallege each allegation set forth in this Complaint as if fully set forth herein.

56. Defendants owed a duty of care to the Plaintiffs to exercise that degree of care, skill, and diligence commonly possessed by members of the legal community and the Bar of the State of New York.

57. Defendants owed a duty of care to the Plaintiffs to provide competent legal representation and advice in connection with the transactions.

58. Defendants breached their duty of care to Plaintiffs by failing to use the degree of care, skill, and diligence commonly possessed by members of the legal community and members of the Bar of the State of New York in connection with the transactions.

59. Defendants breached their duty of care to Plaintiffs by failing to provide competent legal representation and advice to Plaintiffs in connection with the transactions.

60. Defendants breached their duty of care to Plaintiffs by providing erroneous and incomplete advice regarding the tax consequences of the F-Reorg, prematurely filing the F-Reorg documents, failing to properly advise on the structure of the transaction with Purchaser 1, and failing to properly structure the transaction with Purchaser 1 to limit Plaintiffs' tax consequences.

61. But for Defendants' breach of their duty of care to Plaintiffs, Plaintiffs would not have incurred the additional tax liability.

62. But for Defendants' breach of their duty of care to Plaintiffs, Plaintiffs would not have paid Defendants for legal services that were unnecessary and/or not in their best interests.

63. But for Defendants' breach of their duty of care to Plaintiffs, Plaintiffs would not have sustained the damages that they have.

64. Defendants' breach of their duty of care to Plaintiffs was the actual cause of the damages sustained by Plaintiffs.

65. As a direct and proximate result of Defendants' breach of their duty of care to Plaintiffs, Plaintiffs have been and will continue to be damaged in amounts to be determined at trial, which exceed the jurisdictional requirements of this Court.

66. Consequently, Defendants are liable to Plaintiffs for legal malpractice.

67. As a direct and proximate result of Defendants' legal malpractice, Plaintiffs have sustained damages in an amount to be determined at trial, but which exceed the jurisdictional requirements of this Court, plus attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**

68. Plaintiffs repeat and reallege each allegation set forth in this Complaint as if fully set forth herein.

69. Plaintiffs and Defendants entered into a legally binding contract on or about October 1, 2021, that being an engagement letter for legal services to be rendered by Defendants for Plaintiffs in connection with the sale of NG INC.

70. Pursuant to the engagement letter, Defendants were obligated to provide competent legal advice in accordance with applicable legal and ethical standards.

71. Pursuant to the engagement letter, Plaintiffs were obligated to promptly pay Defendants' legal fees.

72. Plaintiffs fully performed their obligations under the engagement letter and paid all legal fees invoiced by Defendants.

73. However, Defendants breached the engagement letter by failing to provide competent legal advice.

74. Defendants breached the engagement letter by failing to comply with applicable legal and ethical standards.

75. Defendants breached the engagement letter by providing erroneous and incomplete advice regarding the tax consequences of the F-Reorg, prematurely filing the F-Reorg documents, failing to properly advise on the structure of the transaction with Purchaser 1, and failing to properly structure the transaction with Purchaser 1 to limit Plaintiffs' tax consequences.

76. Defendants' breach of the engagement letter caused Plaintiffs to incur a tax liability which would not have been incurred if the transaction was properly structured.

77. As a direct and proximate result of Defendants' breach of the engagement letter, Plaintiffs have sustained damages in an amount to be determined at trial, but which exceed the jurisdictional requirements of this Court, plus attorneys' fees, costs, disbursements, interest, and such other legal and equitable relief as the Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
**DISGORGEMENT OF FEES**

78. Plaintiffs repeat and reallege each allegation set forth in this Complaint as if fully set forth herein.

79. During the course of the Defendants' representation of Plaintiffs, Defendants invoiced for legal services related to the F-Reorg and the sale of NG INC.

80. Plaintiffs timely paid the invoices submitted by Defendants relating to those services.

81. The services related to the F-Reorg and the sale of NG INC for which Defendants were paid were performed negligently, were unnecessary, and/or made necessary by Defendants' negligence.

82. Defendants cannot benefit from their own wrongful conduct and are not entitled to payment for services which were performed negligently, were unnecessary, and/or made necessary by Defendants' negligence.

83. As a result of the foregoing, Plaintiffs are entitled to a full refund of all legal fees paid to Defendants for legal services which were performed negligently, were unnecessary, and/or made necessary by Defendants' negligence.

**WHEREFORE,** Plaintiffs respectfully requests that the Court enter an Order and/or Judgment in their favor and against Defendants, Whiteman Osterman & Hanna LLP and Vincent Valenza, Esq., as follows:

a. Awarding Plaintiffs damages on the first cause of action an amount to be determined at trial that exceeds the jurisdictional requirements of this Court;

b. Awarding Plaintiffs damages on the second cause of action an amount to be determined at trial that exceeds the jurisdictional requirements of this Court;

c. Ordering disgorgement of all legal fees paid by Plaintiffs to Defendants for legal services that were performed negligently, were unnecessary, and/or made necessary by Defendants' negligence;

d. Awarding Plaintiffs statutory interest, court costs, and legal fees; and

e. Awarding such other, additional, and further relief that the Court deems just and proper.

Dated: June 26, 2024
Albany, New York

**THE WAGONER FIRM PLLC**

By: ______________________________

Matthew D. Wagoner, Esq.
Bar Roll No. 517679
*Attorneys for Plaintiffs*
150 State Street, Suite 504
Albany, New York 12207
Tel: (518) 400-0955
matt@thewagonerfirm.com

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: June 26, 2024
Albany, New York

**THE WAGONER FIRM PLLC**

By: ______________________________

Matthew D. Wagoner, Esq.
Bar Roll No. 517679
*Attorneys for Plaintiffs*
150 State Street, Suite 504
Albany, New York 12207
Tel: (518) 400-0955
matt@thewagonerfirm.com